The defendant, Phonekeo Sisombath, appeals from an order denying his motion for a new trial based on a claim of ineffective assistance of counsel. We affirm.
Background. The following facts are drawn from the motion judge's memorandum of decision and order. In July, 2010, a jury found the defendant guilty of eleven counts of indecent assault and battery on a child under the age of fourteen and six counts of rape of a child.[2] The victim was the defendant's stepdaughter. In October, 2012, a panel of this court affirmed the convictions in an unpublished decision. See Commonwealth v. Sisombath, 82 Mass. App. Ct. 1115 (2012).
In January, 2015, the defendant filed a motion for a new trial contending that his trial counsel was ineffective. The motion judge, who was also the trial judge, held an evidentiary hearing on the motion in November, 2015. Trial counsel testified at the hearing. The judge found that the initial defense strategy was to challenge the victim's credibility by introducing her prior allegations of sexual abuse by another person, and by emphasizing her failure to report the defendant's abuse earlier despite having numerous opportunities to do so. However, at the beginning of the trial, the judge ruled that any mention of the victim's alleged prior sexual assault was precluded by the rape-shield statute, G. L. c. 233, § 21B, as amended by St. 2010, c. 267, §§ 46-48. As a result, trial counsel shifted his strategy and sought to undermine the victim's credibility by impeaching her testimony that the defendant's penis was "normal" with the defendant's testimony and photographic evidence that his penis has a scar. Although defense counsel learned of the scar two or three months prior to trial, he did not pursue the issue until after the trial had commenced. The defendant's wife took photographs of her husband's scarred penis on a weekend during the trial; these photographs were introduced in evidence during the defendant's case.
The defendant's sister testified at the hearing on the defendant's motion for a new trial that she was never asked to testify at trial, that she remembered seeing the defendant's scar as a young child, and that the defendant was teased as a child about the appearance of his penis. The defendant also submitted an affidavit from a plastic surgeon who stated that he would have testified at trial that he received from the defendant a history of the scar,[3] that the scar was consistent with a burn in the manner and during the time period that the defendant provided, and would be visible on the side and underside of the distal penis. He also would have opined that it is impossible to determine whether the scar would be visible on an erect penis. The judge denied the defendant's motion in a well-reasoned memorandum of decision.
Discussion. A motion for a new trial may be allowed when "it appears that justice may not have been done." Mass. R. Crim. P. 30(b), as appearing in 435 Mass. 1501 (2001). We review claims of ineffective assistance under the familiar two-prong Saferian test, examining (1) whether the defendant demonstrated "serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" -- and (2) whether such behavior "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "A strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was 'manifestly unreasonable' when made." Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006), quoting Commonwealth v. Adams, 347 Mass. 722, 728 (1978). Our review of the denial of a motion for a new trial is limited to determining "whether the motion judge 'committed an abuse of discretion or a significant error of law.' " See Commonwealth v. Lys, 91 Mass. App. Ct. 718, 720 (2017), quoting Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). "[W]e show special deference to the judge's decision on a motion for a new trial when that judge was also the ... trial judge," as he was here. Id.
The defendant argues, as he did below, that trial counsel was ineffective because he failed to adequately prepare a defense based on the penile scar, substantially weakening his challenge to the victim's credibility. According to the defendant, counsel's failure permitted the Commonwealth to exploit the absence of evidence corroborating his testimony as to when the injury causing the scar occurred and highlighted the fact that the photographs had been taken recently. The judge did not abuse his discretion in rejecting this argument.
We agree with the judge's conclusion that trial counsel's conduct did not fall below that which might be expected from an ordinary, fallible lawyer nor did it deprive the defendant of an otherwise available, substantial defense. Trial counsel did in fact present this defense to the jury: he cross-examined the victim as to her observations of the defendant's penis, which the victim described as "normal"; the defendant testified to his injuries; and trial counsel introduced photographs that clearly show a visible scar on the defendant's penis. As the judge stated, "the defendant achieved the benefit of complete surprise when the issue was presented through [the defendant's] testimony after the complaining witness had already completed hers." Furthermore, trial counsel argued this evidence to the jury in his closing and suggested that no sexual assaults occurred, as the victim would have noted the scar. Additionally, the proposed testimony of a plastic surgeon did not answer the question whether the scar would have been visible on an erect penis or whether a child being assaulted would notice the scar, which was on the side and underside of the penis.
Order denying motion for new trial affirmed.

The trial judge dismissed two counts of witness intimidation prior to trial.

The history the plastic surgeon received matched the testimony given by the defendant at trial.